UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re: DIRK W. PARKINSON and ROBYN PARKINSON,<br><br>Debtors.<br>_____<br>DIRK W. PARKINSON and ROBYN PARKINSON,<br><br>        Appellants,<br><br>        v.<br><br>SUMMITBRIDGE NATIONAL INVESTMENTS VI LLC, and UNITED STATES TRUSTEE,<br><br>        Appellees. | Case No. 4:21-cv-00043-DCN<br><br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On January 27, 2021, Debtors/Appellants Dirk Parkinson and Robyn Parkinson filed a Notice of Appeal. Dkt. 1. Appellants seek this Court's review of Judge Joseph M. Meier's *Order Sustaining Objection to Debtors' Small Business Designation and Election to Proceed Under Subchapter V* entered January 15, 2021, in their underlying bankruptcy proceedings. Bankruptcy Case No. 20-40698-JMM, Dkt. 69. On March 3, 2021, Appellants

filed a Motion for Leave to Appeal. Dkt. 8.[1]

One of the Appellees—SummitBridge National Investments VI LLC ("SummitBridge")—opposes Appellants' request. Dkts. 3–4. The other Appellees are silent on the matter.

According to Federal Rule of Bankruptcy Procedure 8004(c)(3), the Motion is submitted to the District Court without oral argument unless the District Court orders otherwise. Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motion.

## II. LEGAL STANDARD

District Courts have jurisdiction over appeals of any final orders of the bankruptcy court. 28 U.S.C. § 158(a). The order denying Appellants' Election to Proceed Under Subchapter V of Chapter 11 of the United States Bankruptcy Code, however, was not a final order, but was interlocutory.[2]

---

[1] It appears there was some confusion regarding which documents should be filed in this District Court case and the Bankruptcy case. While both the Notice of Appeal and Motion for Leave to Appeal were properly filed in the Bankruptcy Court, only the Notice of Appeal was transmitted to the District Court. According to Fed. R. Bankr. P. 8004(c)(1), both documents should have been forwarded to the District Court.

[2] Appellants argue that "even though [they] filed a motion for leave to appeal . . . the order appealed is

(continued)

The District Court has broad discretion under 28 U.S.C. § 158(a)(3) and Rule 8004 of the Federal Rules of Bankruptcy Procedure in granting or denying interlocutory appeals. *See, e.g., Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1695–96 (2015) (holding that "a district court or BAP can . . . grant leave to hear such an appeal").

In exercising this discretion, district courts are guided by the following standard: "Leave to appeal should not be granted unless refusal would result in wasted litigation and expense, the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the litigation." *In re NSB Film Corp.*, 167 B.R. 176, 180 (9th Cir. BAP 1994) (citation omitted).

### III. DISCUSSION

SummitBridge opposes Appellants' Motion on the basis that they have not shown an interlocutory appeal is proper. *See generally* Dkt. 4. The Court disagrees.

Subchapter V of Chapter 11—Small Business Debtor Reorganization—has only been available since February 2020. There is very little by way of precedent and/or published opinions on Subchapter V. Appellants' eligibility to proceed under this subchapter also *appears* to call into question certain Idaho caselaw that *predates* the enactment of Subchapter V. Here, reviewing and resolving any questions concerning Subchapter V will not waste litigation resources, but will conserve them. In like manner,

---

potentially a final order rather than an interlocutory one." Dkt. 9, at 1. Because the Court is granting the Motion for Leave to Appeal, it need not formally decide whether the appeal could also be taken as a matter of right.

taking up Appellants' appeal at the current juncture will advance the ultimate termination of the underlying bankruptcy litigation.

For these reasons, the Court finds the appeal well taken. The Court is not implying, of course, that the Appeal will be successful; only that review is appropriate since the subject matter in question is relatively new.

## IV. ORDER

**IT IS ORDERED:**

1.      Appellants' Motion for Leave to Appeal (Dkt. 8) is GRANTED.

2.      Once the Clerk of the Court issues the Certificate of Readiness, the Court will outline an appropriate briefing schedule.

DATED: April 19, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4